UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON V. HILL,<br>   Plaintiff,<br> v.<br>DR. CRAIG LAUREAU, et al.,<br>   Defendants. | Case No. 21-cv-05638-YGR (PR)<br>**ORDER OF TRANSFER** |

  Plaintiff, a civil detainee currently in custody at California State Prison - Sacramento ("CSP-Sacramento"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. Thereafter, he filed an amended complaint, which is the operative complaint in this action. Dkt. 3. In his amended complaint, plaintiff alleges claims arising out of Patton State Hospital, where he was previously incarcerated. *See id.* Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 4.

  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

  Venue for this action is proper in the Central District of California. *See* 28 U.S.C. § 1391(b)(2). The Central District of California would be the more convenient forum for several reasons. Patton State Hospital is located in San Bernardino County, which is within the venue of the Central District of California. The witnesses and evidence likely will be found primarily in the Central District of California as that is the district in which the relevant events and omissions occurred. None of the events or omissions giving rise to the complaint occurred in the Northern District of California, and it does not appear that any witnesses are located in the Northern District of California. Although plaintiff attempted to litigate in the Northern District of California, he

does not reside here (as CSP-Sacramento is not located in this district), and he does not allege that his claims have any substantial connection to the Northern District of California. *See IBM Credit Corp. v. Definitive Computer Serv., Inc.*, 1996 WL 101172, *2 (N.D. Cal. 1996) ("Ordinarily, where the forum lacks any significant contact with the activities alleged in the complaint, plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum."); 17 Moore's Federal Practice, § 111,13[1][c] (Matthew Bender 3d Ed.) ("When the chosen forum is neither the plaintiff's residence nor the place where the operative events occurred, the court is likely to override the plaintiff's choice . . . unless the plaintiff can show that some other valid reason supports the plaintiff's choice of forum").

Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the Eastern Division of the United States District Court for the Central District of California. The Clerk of the Court shall transfer the case forthwith. All pending motions are TERMINATED on this Court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: January 7, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge